UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-409-CRS-CHL

LISA R.  PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]  DEFENDANT

### MEMORANDUM OPINION & ORDER

The Commissioner of Social Security denied Lisa R.'s ("Claimant's") claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Claimant seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). The court referred this matter to U.S. Magistrate Judge Colin H. Lindsay for preparation of a report and recommendation. He recommends that the Commissioner's decision be affirmed. Report, DN 18. Claimant objects to that recommendation. Objections, DN 20. The court will now consider Claimant's Objections.

### I. Background

In her application, Claimant alleged disability because of degenerative disc disease, Morton's neuroma, chronic obstructive pulmonary disease, sleep apnea, post-traumatic stress disorder, obesity, fatty liver complications, and fibromyalgia. Her claim was denied initially and on reconsideration. After a telephonic hearing, an administrative law judge ("ALJ") issued a written decision concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant's request for administrative review was denied by the Appeals Council. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

---

[1] Martin O'Malley became the Commisoner of the Social Security Administration on Decmber 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

## II. Standard of Review

The court reviews *de novo* the portions of a magistrate judge's report to which a claimant timely and specifically objects in writing. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). To be specific, objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After considering all specific objections, the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## III. Analysis

Claimant submits that the ALJ didn't adequately articulate why he deemed Dr. Monalisa M. Tailor's medical opinion to be unpersuasive. Claimant F&L Summ., DN 13 at PageID# 880–84. Disagreeing, Magistrate Judge Lindsay found that the ALJ's persuasiveness-

evaluation complied with 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2) and recommended that the ALJ's decision be affirmed. Report, DN 18.

Claimant objects to that recommendation on two grounds. First, Magistrate Judge Lindsay erroneously concluded that the ALJ wasn't obliged to evaluate Dr. Tailor's opinion. Objections, DN 20 at PageID# 929–32. And second, Magistrate Judge Lindsay improperly reviewed the ALJ's persuasiveness-evaluation. *Id.* at PageID# 932–39.

### A. First Objection

Claimant's first Objection fails because it is premised on a misreading of Magistrate Judge Lindsay's Report. *See* Objections, DN 20 at PageID# 929–32. Magistrate Judge Lindsay did not conclude that the ALJ was under no obligation to evaluate Dr. Tailor's opinion. In fact, he rejected the Commissioner's invitation for him to so find. Report, DN 18 at PageID# 921–23. The source of Claimant's confusion is Magistrate Judge Lindsay's remark that Dr. Tailor's opinion seems to be nothing more than a conclusory statement about an issue reserved to the Commissioner. *Id.* at PageID# 921–22. But thereafter, Magistrate Judge Lindsay treated Dr. Tailor's opinion as a medical opinion and appropriately considered the ALJ's persuasiveness-evaluation of it. *Id.* at PageID# 923–27. The court will therefore overrule this Objection.

### B. Second Objection

Claimant's second Objection—that the ALJ's persuasiveness-evaluation is inadequate and that Magistrate Judge Lindsay erred in recommending affirmance—is composed of three parts:

> 1. As to supportability, the ALJ cherry-picked records to support her persuasiveness-evaluation and Magistrate Judge Lindsay acquiesced in this error.

      2. As to consistency, Magistrate Judge Lindsay improperly addressed the ALJ's consideration of the State Agency consultative opinions.

      3. Magistrate Judge Lindsay impermissibly built a "logical bridge" between the ALJ's decision, and the evidence relied upon by the ALJ.

Objections, DN 20 at PageID# 932–39.

### 1. Cherry-picking

Claimant directs the court to three instances of supposed cherry-picking to support her supportability Objection. All are unfounded.

First, Claimant highlights that both the ALJ and Magistrate Judge Lindsay pointed to Dr. Tailor's 8/26/2020 examination findings to undercut her medical opinion, as it shows that "Dr. Tailor documented normal range of motion and no tenderness in Claimant's back" despite Claimant's "reported neck pain." Objections, DN 20 at PageID# 933. Claimant says this isn't "the whole truth of the medical record." *Id.* A review of the record demonstrates the opposite. It reveals that in addition to those findings observed by the ALJ and Magistrate Judge Lindsay: (1) Claimant reported neck pain to Dr. Tailor, (2) Dr. Tailor prescribed a "short course" of steroids to Claimant for "inflammation in her neck," and (3) Dr. Tailor referred Claimant to "spine surgery" because of "radiculopathy that is in her right hand." Admin. Rec., DN 10 at PageID# 532. But evidence of a claimant's account of her symptoms, diagnoses, and prescriptions are not dispositive of functional limitations—nor do they constitute objective-medical evidence.[2] Rather than cherry-pick this record, Magistrate Judge Lindsay rightly contrasted Dr. Tailor's objective-medical findings against her medical opinion to determine its supportability. That constitutes neither cherry-picking nor error, but principled judicial review.

---

[2] 20 C.F.R. § 404.1502(f), 404.1521 (objective-medical evidence includes "signs" and "laboratory findings," not diagnoses, medical opinions, or self-reported symptoms); SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017) (symptoms alone insufficient to establish disabling functional limitations); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) (same as to diagnoses); *Kennedy v. Astrue*, 247 F. App'x 761, 767 (6th Cir. 2007) (same).

Second, Claimant observes that both the ALJ and Magistrate Judge Lindsay relied on Dr. Tailor's 1/4/2022 examination findings to show that "Dr. Tailor documented normal pulmonary effort," "Claimant was in no respiratory distress," and "a chest x-ray . . . showed no active disease in Claimant's chest," but argues both omitted parts of that record which indicate Claimant was being treated for emphysema and was struggling with a long-standing cough. Objections, DN 20 at PageID# 933–34. Not so. That medical record indicates that Claimant has a "respiratory history" including "emphysema;" it does not indicate that Claimant was actively being treated for emphysema. Admin. Rec., DN 10 at PageID# 762. Moreover, that medical record does not include a finding that Claimant struggled with a long-term standing cough. Rather, Claimant subjectively reported that to Dr. Tailor, and then asked Dr. Tailor to fill out a disability form prepared by her attorney to that effect. *Id.* at PageID# 763. Dr. Tailor explicitly declined to "speak to [Claimant's] breathing condition" because she had not seen Claimant since "April 2021," some nine-months earlier. *Id.* If anyone cherry-picked this record, it was Claimant.

Third, according to Claimant, Magistrate Judge Lindsay found that certain medical records do not indicate Claimant suffers from any physical conditions. Objections, DN 20 at PageID# 934. To rebut that contention, Claimant directs the court to portions of those medical records which concern neck pain, numbness, spine tenderness, chronic right ankle pain, headaches, muscle spasms, chronic bilateral lower back pain without sciatica, as well as respective treatments. *Id.* But Claimant's argument mischaracterizes the Report. Magistrate Judge Lindsay never said that those records reveal Claimant doesn't suffer from physical conditions. Rather, he said those records do not support the assertion that Claimant has functional limitations because of her physical conditions, and thus call into question the supportability of Dr. Tailor's opinion. Report, DN 18 at PageID# 925–26. He made that

particularly clear when he specified that those records which "did not contain normal findings" (i.e., those reflecting physical impairments) contained no objective-medical findings supporting Dr. Tailor's opined functional limitations. *Id.* at PageID# 925. Simply pointing to records that demonstrate Claimant suffered from physical conditions does nothing to demonstrate she is functionally limited by same, and thus does not advance her argument that Dr. Tailor's medical opinion is supported by the record. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[t]he ALJ is not bound by conclusory statements of doctors, particularly when they are unsupported by detailed objective criteria and documentation.")

### 2. State Agency consultative opinions

Claimant's Objection concerning Magistrate Judge Lindsay's, and thus the ALJ's, consideration of the State Agency consultative opinions is rather simple. Her argument is as follows:

> (a) Magistrate Judge Lindsay erroneously deemed the State Agency consultative opinions to be consistent with the record because they adopted the RFC-determination of a prior ALJ, but
> (b) Dr. Tailor's opinion was prepared after the State Agency consultants prepared their opinions; so,
> (c) "to heavily rely on the state agency reports without properly considering Dr. Ta[i]lor's report, who was a treating physician of the plaintiff, would be grossly unjust." Objections, DN 20 at PageID# 935.

Claimant is correct to posit that "there was never a follow-up done with another state agency doctor to have a robust discussion on Dr. Ta[i]lor's conflicting perspective." *Id.* But one was not required: "[I]t is appropriate for an ALJ to give great weight to a state agency reviewer's opinion, even when contrary evidence is submitted after the opinion is issued, so long as the ALJ considers the later evidence." *Spies v. Saul*, 2020 WL 5044027, at *15 (N.D. Ohio Aug. 26,

2020). As discussed earlier, the ALJ properly deemed Dr. Tailor's opinion to be unsupported by the record. That Dr. Tailor's unsupported opinion conflicted from those of the State Agency consultants rightly supported a finding that the opinion was similarly inconsistent with the record.[3] There is no error here.

### 3. Logical bridge

Last, Claimant contends Magistrate Judge Lindsay improperly built a "logical bridge" between the ALJ's decision and the evidence of record. Objections, DN 20 at PageID# 936. The crux of her Objection is this: Magistrate Judge Lindsay should've reviewed only the language the ALJ included directly in her evaluation of Dr. Tailor's opinion, rather than view the ALJ's decision holistically. The ALJ's discussion of Dr. Tailor's opinion is as follows:

> The opinion of Dr. Monalisa Tailor, M.D., was not persuasive (Exhibit B15F). She completed a medical source statement, dated May 4, 2022, indicating that the claimant was limited to performing sedentary work (Exhibit B15F).
>
> Dr. Tailor is the claimant's primary care provider, and she has longitudinal knowledge of the claimant's overall health impairments. However, her examination findings did not support limiting the claimant to sedentary work. There were inconsistencies between her examination findings, and the examination findings from orthopedic and neurosurgery specialists. Her conclusion was not consistent with the State Disability Determination Service medical consultants. For these reasons, the undersigned finds that the opinion of Dr. Tailor was not persuasive.

ALJ Op., DN 10 at PageID# 52.

---

[3] Two of the State Agency consultants essentially adopted the functional limitations determined by a prior ALJ. But the ALJ in this case determined that Claimant's condition had worsened since the prior ALJ's adjudication. Consequently, he deemed those State Agency consultants' opinions to be unpersuasive—but not because their opinions advanced unsupported functional limitations (like Dr. Tailor's), but because they were no longer sufficiently restrictive in light of Claimant's worsening condition. ALJ Op., DN 10 at PageID# 52. Of note, the ALJ "partially adopted" the prior ALJ's adjudication "with some revisions to the residual functional capacity [in] light of new and material evidence." *Id.* at PageID# 53.

Magistrate Judge Lindsay did not scour the voluminous Administrative Record for evidence to support the ALJ's decision; that is, he did not construct a "logical bridge" between the two. Instead, he reviewed the evidence the ALJ directly referenced in the persuasiveness-evaluation of Dr. Tailor's medical opinion, as well as the ALJ's consideration of that evidence elsewhere in the decision: Dr. Tailor's "examination findings," the "examination findings from orthopedic and neurosurgery specialists," and the conclusions of the "State Disability Determination Service medical consultants." *See* Report, DN 18 at PageID# 923–27. Magistrate Judge Lindsay did not err in doing so.

Moreover, Claimant's Objection would fail for another reason: It doesn't go far enough. Namely, Claimant failed to account for what would happen if the court found the Objection meritorious (to be clear, the court does not so find). An ALJ's failure to satisfy §§ 404.1520c(b)(2)'s and 416.920c(b)(2)'s articulation requirements does not mandate remand in every case. Remand is warranted only where the error is harmful. Claimant has not shown any error, let alone harmful error.

In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit set out a test for identifying harmless error under § 404.1520c(b)(2)'s predecessor, which was § 404.1527(c)(2), a regulation that required "good reasons" for failing to adopt a medical opinion. 378 F.3d 541 (6th Cir. 2004). Since the adoption of §§ 404.1520c(b)(2) and 416.920c(b)(2), several district courts in the Sixth Circuit (including this one) have applied the *Wilson* harmless-error factors to §§ 404.1520c(b)(2) and 416.920c(b)(2).[4]

---

[4] *See, e.g.*, *Jada H. v. O'Malley*, 2023 WL 10325777, at *2–4 (W.D. Ky. Feb. 16, 2024); *Moulden v. Kijakazi*, 2022 WL 178588, at *8 (W.D. Ky. Jan. 18, 2022); *Hardy*, 554 F. Supp. 3d at 909; *Vaughn v. Comm'r of Soc. Sec.*, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021); *Musolff v. Comm'r of Soc. Sec.*, 2022 WL 1571864, at *13 (N.D. Ohio Apr. 27, 2022), *report and recommendation adopted*, , 2022 WL 1568478 (N.D. Ohio May 17, 2022).

Under *Wilson*, harmless error may exist if (1) the underlying medical opinion is so patently deficient it cannot be credited; (2) the ALJ adopted the medical opinion at issue or made findings consistent with it; or (3) the ALJ met the goals of the pertinent procedural safeguards, despite a failure to strictly comply with the regulation. *Id.* at 547; *see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010). "In the last of these circumstances, the procedural protections at the heart of the rule may be met when the supportability of a doctor's opinion, or its consistency with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Friend*, 375 F. App'x at 551 (cleaned up) (emphasis in original).

The third ground for finding harmless error would be applicable here, but Claimant does not account for that in her Objection. Objections, DN 20 at PageID# 936–39. Magistrate Judge Lindsay's careful explication of the ALJ's persuasiveness-evaluation of Dr. Tailor's medical opinion demonstrates how the decision, when read holistically, provides for meaningful review, thus rendering any failure to comply with §§ 404.1520c(b)(2) and 416.920c(b)(2) harmless. Report, DN 18 at PageID# 923–27 (explaining how the ALJ's analysis of Dr. Tailor's opinion permits meaningful review). The court agrees with Magistrate Judge Lindsay's explication, and thus concludes that if the ALJ erred the error was harmless, and remand is therefore inappropriate.

### IV. Conclusion

For the reasons set forth above, the court **OVERRULES** Claimant's Objections, DN 20, and **ADOPTS** Magistrate Judge Lindsay's well-reasoned Report, DN 18, as its opinion and incorporates it here by reference. A separate judgment will be entered contemporaneously.

**IT IS SO ORDERED.**

August 30, 2024

Charles R. Simpson III, Senior Judge
United States District Court